IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSHUA AARON ROY,<br><br>　　　　　Defendant. | Criminal Action No.:　2:20-CR-26-4<br>Criminal Action No.:　2:20-CR-35<br>(JUDGE KLEEH) |

## REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Judge for purposes of considering the record and the Indictments in the above-captioned matters and the proposed plea agreement pertaining to both matters, conducting a hearing, and entering into the record a written report and recommendation memorializing the disposition of Defendant's guilty plea, pursuant to Federal Rule of Criminal Procedure 11. Defendant, Joshua Aaron Roy, by videoconference and by counsel, Scott Radman, appeared before me on December 18, 2020 for a Plea Hearing to Indictments in two matters, namely, Criminal Action No. 2:20-CR-26-4 and Criminal Action No. 2:20-CR-35. The Government appeared by Assistant United States Attorney, Stephen Warner.

On March 30, 2020, Chief Judge Groh entered a standing order ("Standing Order"), In Re: Criminal Case Operations Due to COVID-19 Response, 3:20-MC-28, after the Judicial Conference of the United States ("JCUS") found, pursuant to the CARES Act, H.R. 748 ("CARES Act"), that emergency conditions due to the national emergency declared by President Donald J. Trump materially affect the functioning of the federal judiciary, generally, and that, specifically, emergency conditions exist in the Northern District of West Virginia. In so doing,

Chief Judge Groh authorized certain criminal proceedings to be conducted by video conference, including pleas under Rule 11 of the Federal Rules of Criminal Procedure, because of the possibility that such proceedings could seriously jeopardize public health and safety.

Pursuant to the aforementioned Standing Order, when video teleconferencing is authorized in certain criminal proceedings, the presiding judge must find for specific reasons that the plea cannot be further delayed without serious harm to the interests of justice. Such authorization to proceed by video teleconferencing may occur only with consent of a defendant after consultation with counsel.

On November 23, 2020, the Court entered, in each of the above-captioned matters, an Order Regarding Proceedings by Videoconference/Teleconference stating that under the CARES Act this proceeding could be conducted by video or teleconferencing technology if certain circumstances existed and if certain requirements were satisfied, including the Defendant filing notice with the Court as to consent to proceed by videoconference and the specific reasons why a videoconference/teleconference was sought. The Court entered Amended Orders on November 24, 2020, to the same effect, correcting typographical errors. [ECF Nos. 117, 118 in Criminal Action No. 2:20-CR-26-4; ECF Nos. 27, 28 in Criminal Action No. 2:20-CR-35].

In each of the above-captioned matters, on December 13, 2020, Defendant, by counsel, filed a Motion to Conduct Rule 11 Hearing by Video-Conference, explaining that the Defendant prefers to reduce risk of exposure to and transmission of the COVID-19 virus by limiting his travel. [ECF No. 119 in Criminal Action No. 2:20-CR-26-4; ECF No. 29 in Criminal Action No. 2:20-CR-35].

In each of the above-captioned matters, a Waiver of Personal Appearance and Consent to Appear by Videoconference was signed by both the Defendant and counsel and presented at the

hearing. On the record, Defendant, with the advice and benefit of counsel, reaffirmed that he would like to proceed with the plea hearing by videoconference. The Court **ORDERED** this waiver to be filed herein. [ECF No. 125 in Criminal Action No. 2:20-CR-26-4; ECF No. 31 in Criminal Action No. 2:20-CR-35].

Here, the undersigned **FINDS** that this plea hearing could not be further delayed without serious harm to the interests of justice because of the surge of the virus at this time, and the unknown nature, extent, and duration of the COVID-19 pandemic and the possible exposure risks associated with travel at this time.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Seven of the Indictment in Criminal Action No. 2:20-CR-26-4 and to Count One of the Indictment in Criminal Action No. 2:20-CR-35.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath and inquiring into Defendant's competency. The Court determined Defendant was competent to proceed with the Rule 11 plea hearing and cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea. As to each of the above-captioned matters, Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge. The waiver and consent in each of the above-captioned matters was signed by Defendant, countersigned by Defendant's counsel, and

concurred by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of an Article III Judge and consent to enter a guilty plea before a Magistrate Judge, in each of the above-captioned matters, was freely and voluntarily given. Additionally, the Court finds that the written waiver and consent, in each of the above-captioned matters, was freely and voluntarily executed by Defendant Joshua Aaron Roy only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge, as to each of the above-captioned matters, filed and made part of the record. [ECF No. 129 in Criminal Action No. 2:20-CR-26-4; ECF No. 35 in Criminal Action No. 2:20-CR-35].

Thereafter, the Court determined that Defendant's plea as to each of the above-captioned matters was pursuant to a singular written plea agreement and asked the Government to tender a copy to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was. The Court asked counsel for the Government to summarize the written plea agreement. Counsel for Defendant and Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with their understanding of the agreement. The undersigned further inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made

4

to him by the Government other than those terms contained in the written plea agreement. The Court **ORDERED** the written plea agreement filed and made a part of the record. [ECF No. 128 in Criminal Action No. 2:20-CR-26-4; ECF No. 34 in Criminal Action No. 2:20-CR-35].

The undersigned then reviewed with Defendant Count Seven of the Indictment in Criminal Action No. 2:20-CR-26-4 and the elements the Government would have to prove, charging him in Count Seven with Possession with Intent to Distribute at Least Forty Grams of Fentanyl – Aiding and Abetting, in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi). The undersigned also reviewed with Defendant Count One of the Indictment in Criminal Action No. 2:20-CR-35 and the elements the Government would have to prove, charging him in Count One with Unlawful Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Subsequently, Defendant Joshua Aaron Roy pled **GUILTY** to the charges contained in Count Seven of the Indictment in Criminal Action No. 2:20-CR-26-4 and to the charges contained in Count One of the Indictment in Criminal Action No. 2:20-CR-35.

However, before accepting Defendant's plea, the undersigned inquired of Defendant's understanding of the charges against him, inquired of Defendant's understanding of the consequences of him pleading guilty to the charges, and obtained the factual basis for Defendant's plea.

The Government proffered a factual basis for the plea as to each of the above-captioned matters. Neither Defendant nor Defendant's counsel disputed the proffer when given the opportunity to do so. Additionally, Defendant provided a factual basis for the commission of

the offenses as to each of the above-captioned matters. The undersigned Magistrate Judge concludes the offenses charged in Count Seven of the Indictment in Criminal Action No. 2:20-CR-26-4 and in Count One of the Indictment in Criminal Action No. 2:20-CR-35 are supported by an independent basis in fact concerning each of the essential elements of such offenses, and that an independent basis is provided by the Government's proffer.

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Count Seven of the Indictment in Criminal Action No. 2:20-CR-26-4 and contained in Count One of the Indictment in Criminal Action No. 2:20-CR-35, and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him as to Count Seven of the Indictment in Criminal Action 2:20-CR-26-4 and that the possible statutory minimum sentence was imprisonment for a period of not less than five (5) years and a term of supervised release of at least four (4) years. From said review, as to Count Seven of the Indictment in Criminal Action No. 2:20-CR-26-4, the undersigned Magistrate Judge also determined Defendant understood that the maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Seven was imprisonment of not more than forty (40) years and a fine of $5,00,000.00. Further, from said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him as to Count One of the Indictment in Criminal Action No. 2:20-CR-35 and that the maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count One was imprisonment of not more than ten (10) years, a fine of $250,000.00, and up to three (3) years of supervised release.

Defendant also understood that the Court would impose a total special mandatory assessment of $100.00 per felony for having been convicted of felony offenses, payable within 40 days following entry of his plea. Defendant further understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood that he might be required by the Court to pay the costs of his incarceration, supervision, and probation. He also understood that he forfeited his right to the all property specified in the Indictment's forfeiture allegation in Criminal Action No. 2:20-CR-35.

The undersigned also inquired of Defendant whether he understood that by pleading guilty, he was forfeiting other rights such as the right to vote, right to serve on a jury, and the right to legally possess a firearm. Additionally, the undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The undersigned also reviewed with Defendant his waiver of appellate and collateral attack rights. Defendant understood that he was waiving his right to appeal his conviction and sentence to the Fourth Circuit Court of Appeals on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742. Defendant further understood that under his plea agreement, he was waiving his right to challenge his conviction and sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255. Defendant understood, however, that he was reserving the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct that he learned about after the plea hearing and agreed

that he was unaware of any ineffective assistance of counsel or prosecutorial misconduct in his case at this time. From the foregoing, the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea agreement and determined the entry into said written plea agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea agreement and determined that Defendant understood, with respect to the plea agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Seven of the Indictment in Criminal Action No. 2:20-CR-26-4 and in Count One of the Indictment in Criminal Action No. 2:20-CR-35. The undersigned Magistrate Judge informed Defendant that he would write the subject Report and Recommendation, and that a pre-sentence investigation report would be prepared for the District Court by the probation officer attending. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Seven of the Indictment in Criminal Action No. 2:20-CR-26-4 and Count One of the Indictment in Criminal Action No. 2:20-CR-35. Only after the District Court had an opportunity to review the pre-sentence investigation report would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned

reiterated to Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his guilty plea accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated that his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, but that he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant, Joshua Aaron Roy, with the consent of his counsel, Scott Radman, proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count Seven of the

Indictment in Criminal Action No. 2:20-CR-26-4 and Count One of the Indictment in Criminal Action No. 2:20-CR-35.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, as to Count Seven of the Indictment in Criminal Action No. 2:20-CR-26-4 and Count One of the Indictment in Criminal Action No. 2:20-CR-35; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalties to which he would be exposed for Count Seven of the Indictment in Criminal Action No. 2:20-CR-26-4 and Count One of the Indictment in Criminal Action No. 2:20-CR-35; Defendant made a knowing and voluntary plea of guilty to Count Seven of the Indictment in Criminal Action No. 2:20-CR-26-4 and Count One of the Indictment in Criminal Action No. 2:20-CR-35; and Defendant's plea is independently supported by the Government's proffer which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to Count Seven of the Indictment in Criminal Action No. 2:20-CR-26-4 and Count One of the Indictment in Criminal Action No. 2:20-CR-35 of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned Magistrate Judge remanded Defendant to the custody of the U.S. Marshals Service.

Any party shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted on December 18, 2020.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE