```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

    **v.**                                                **CRIMINAL NOS. 2:20-CR-26-4**
                                                                         **2:20-CR-35**
                                                                            **(KLEEH)**

**JOSHUA AARON ROY,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER DENYING
## MOTIONS FOR COMPASSIONATE RELEASE

Pending before the Court are identical pro se motions for compassionate release filed by Defendant Joshua Aaron Roy ("Roy") [ECF No. 67 in 2:20-CR-35 and ECF No. 336 in 2:20-CR-26]. For the reasons discussed herein, the Court **DENIES** the motions.

### I.    BACKGROUND AND PROCEDURAL HISTORY

On December 18, 2020, Roy pleaded guilty to Possession with Intent to Distribute at Least Forty Grams of Fentanyl – Aiding and Abetting in Case No. 2:20-CR-26, along with Unlawful Possession of a Firearm in Case No. 2:20-CR-35. On May 24, 2021, the Court sentenced Roy to 120 months of incarceration in 2:20-CR-26 and 77 months of incarceration in 2:20-CR-35, to be served concurrently. The Court also sentenced him to five years of supervised release in 2:20-CR-26 and three years of supervised release in 2:20-CR-35, to be served concurrently. Roy filed identical pro se motions

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTIONS FOR COMPASSIONATE RELEASE**

for compassionate release in the cases on March 24, 2023. On April 24, 2023, in 2:20-CR-35, the Government filed a response in opposition, styled as a motion to dismiss. Roy is currently incarcerated at FCI Butner Medium II, with a projected release date of September 5, 2028.[1]

## II.  ARGUMENTS BY THE PARTIES

Roy argues that his early release is warranted because he had a heart attack and open-heart surgery during his period of incarceration. Due to his heart issues, he needs to take daily medication to thin his blood. He is susceptible to infections and needs physical therapy for his neuropathy and atrophy of his feet, and the therapy is not provided at the prison. Roy also states that he has prediabetes, hypertension, and heart failure. He feels that he would "do better if [he] were out of prison so [he] could receive proper care." Roy attached a proposed release plan. Roy states that he submitted a request for compassionate release to the Warden but did not receive a response.

In response, the Government argues that Roy has not exhausted his administrative remedies. Alternatively, the Government argues that Roy has not established extraordinary and compelling reasons for his release.

---

[1] https://www.bop.gov/inmateloc//.

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTIONS FOR COMPASSIONATE RELEASE**

### III. DISCUSSION

The district court is authorized to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Upon receiving a motion for compassionate release, the district court

> may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Id. Prior to the First Step Act of 2018 (the "First Step Act"), "district courts could only reduce a term of imprisonment under § 3582(c)(1)(A) 'upon motion of the Director of the Bureau of Prisons.'" United States v. Kibble, 992 F.3d 326, 329-30 (4th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A) (2002)). In the First Step Act, Congress allowed federal inmates to file motions for compassionate release directly with the district court after they have exhausted their administrative remedies. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

A defendant filing a motion for compassionate release must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must be a "lapse of 30 days from the receipt of

**MEMORANDUM OPINION AND ORDER DENYING
MOTIONS FOR COMPASSIONATE RELEASE**

such a request by the warden of the defendant's facility, whichever is earlier[.]"   18 U.S.C. § 3582(c)(1)(A).   The exhaustion requirement is non-jurisdictional "and thus waived if it is not timely raised."   United States v. Muhammad, 16 F.4th 126, 129-30 (4th Cir. 2021) (citation omitted) (finding the district court in error by sua sponte dismissing a motion for compassionate release based on the threshold requirement).

Here, Roy asserts that he made a request for compassionate release with the Warden and did not hear back.  He has not, however, provided any evidence or proof that he submitted such a request. Counsel for the Government has conferred with counsel for the Bureau of Prisons, who has stated that Roy made no such request. As such, Roy has failed to exhaust his administrative remedies before filing a motion with this Court.

## IV.   CONCLUSION

For the reasons discussed above, Roy's motions for compassionate release are **DENIED WITHOUT PREJUDICE** [ECF No. 67 in 2:20-CR-35 and ECF No. 336 in 2:20-CR-26].

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record via email and to Roy via certified mail, return receipt requested.

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTIONS FOR COMPASSIONATE RELEASE**

DATED: April 26, 2023

*/s/ Thomas S. Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA